IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, *Plaintiff,* vs. JAMES RYDER INTERACTIVE, LLC, ALEC DENORCHIA, and ADAM F WEIL aka ADAM WEIL, *Defendants*. | Case No. 1:23-cv-01372 Honorable Sharon Johnson Coleman **JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff, Jorge Alejandro Rojas, brings this Amended Complaint[1] under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and its implementing regulations, against Defendants James Ryder Interactive, LLC ("JRI"), Alec Denorchia ("Denorchia"), Adam F Weil also known as Adam Weil ("Weil"), (collectively "Defendants"), and alleges based on personal knowledge and information and belief:

**INTRODUCTION**

1. Plaintiff amends this action, dismissing the previous set of Defendants with prejudice, and bringing a new set of Defendants, based on investigation performed following the original complaint being filed. That investigation has revealed that the now sued parties in this case are responsible for some of the calls which were asserted in the original Complaint, and that the now sued parties made telemarketing calls on behalf of others.

2. As the Supreme Court has explained, Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering

---

[1] Plaintiff files this Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(A). Defendants Reliance Litigation, LLC, MBW Advisors, Inc, Elisa Kim, and Sunny Hwang, are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). The other previously listed Defendants were dismissed. Defendants James Ryder Interactive, LLC, Alec Denorchia, and Adam F Weil are new parties.

1

number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227.
4. This case involves a campaign by Defendants which placed illegal calls to Plaintiff's cell phone, without his prior express consent.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over the claims herein under 28 U.S.C. § 1331.
6. This Court has personal jurisdiction over Defendants. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resided within this district when the calls were made.
7. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.
9. Defendant James Ryder Interactive, LLC ("JRI") is a Florida entity, with a principal place of business of 2263 NW 2nd Ave Boca Raton, FL 33431, and a registered agent of Pomeranz Law located at 1430 S Federal Hwy Suite 302 Deerfield Beach, FL 33441.
10. Defendant Alec Denorchia ("Denorchia") is a manager of JRI, and is located at 1812 SW 17th St Boca Raton, FL 33486.
11. Defendant Adam F Weil also known as Adam Weil ("Weil") is a manager of JRI, and is located at 1010 Hibiscus Lane Delray Beach, FL 33444.
12. Defendants are each a person as defined by 47 U.S.C. § 153(39).
13. Defendants acted through their agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, or an automatic telephone dialing system, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012).

15. The TCPA provides a private cause of action to persons who receive such automated or -prerecorded calls. *See* 47 U.S.C. § 227(b)(3).

16. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

17. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

18. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

19. When considering individual officer liability under the TCPA, other Courts have agreed that a corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *See, e.g., Jackson Five Star Catering, Inc. v. Beason*, 2013 U.S. Dist. LEXIS 159985, *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA "where they 'had direct, personal participation in or personally authorized the conduct found to have violated the statute.'"); *Maryland v. Universal*

*Elections*, 787 F. Supp. 2d 408, 415-16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

20. Under the TCPA, individual party Defendants are personally liable for the acts and omissions alleged in this Complaint.

21. Individual party Defendants in this case directed and oversaw the telemarketing activity in progress, including selecting any third-party affiliate to make the call, exercised control over those affiliates, and any other employees who made the telephone calls.

22. On May 9, 2013, the FCC determined that it was not a basis for avoiding liability within a Declaratory Ruling that held that sellers may not avoid liability by outsourcing telemarketing: [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside of the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain relief. As the FTC noted, because "[s]ellers may have thousands of "independent" marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.
*In re Joint Petition Filed by DISH Network*, 28 FCC Rcd. 6574, 6588 (¶ 37) (2013) ("May 2013 FCC Ruling") (internal citations omitted).

23. Moreover, the May 2013 FCC ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal actual agency and immediate direction and control over third parties who place a telemarketing call. *Id.* At 6587 n. 107.

24. The evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* At 6593.

25. The May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. *Id*. at 6586 (¶ 34).

26. The May 2013 FCC Ruling rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id.* at 6587 n.107.

27. The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 (1995).

## ALLEGATIONS

28. Defendants, or an agent acting on their behalf, placed calls for the benefit of other entities and themselves. Defendants in this case made telemarketing calls to obtain business for medical and other legal compensation claims.

29. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (424) XXX-1582.

30. At all times relevant hereto, Plaintiff maintained and used a residential cellular telephone line, with phone number (331) XXX-6308.

31. Plaintiff's phone numbers are not associated with a business and is used by Plaintiff solely.

32. Plaintiff is the account holder and customary user of his phone numbers.

33. Plaintiff registered his phone number ending in 1582 on the Federal Do Not Call Registry on or around January 18, 2008.

34. Plaintiff registered his phone number on the Do Not Call Registry to obtain solitude from invasive and harassing telemarketing calls. The call prevented Plaintiff from using his phone for legitimate purposes.

35. Defendants Denorchia and Weil, as officers of their company, directed, oversaw, and controlled the telemarketing conduct alleged in this complaint. This may have included for example selecting the dialing platforms to be used, overseeing any marketing campaigns which included creating the pre-recorded message, and actually authorizing the dialing.

36. **Calls 1, 2, 3, 4.** Prior to the January 23, 2023, call identified below, Plaintiff alleges he has received at least four (4) other telemarketing telephone calls, to his telephone number ending

in 1582, from Defendants concerning Camp Lejeune claims, within the past four months. Plaintiff alleges each of these calls were made contrary to the TCPA's automatic telephone dialing system and do not call regulations. Plaintiff believes Defendants' or its affiliate call centers will have the records to demonstrate that at least four calls were made.

37. **Call 5.** On or about January 23, 2023, at 3:40 PM Chicago time, Plaintiff received a call from Defendants, from 877-215-8448, to his telephone number ending in 1582.

38. When Plaintiff picked up the phone, he heard a longer than natural pause, and was ultimately connected to an "Xavier" from the "Medical Legal Department" who was asking concerning whether Plaintiff or one of his family members had used roundup, had breast cancer, or had been to Camp Lejeune.

39. A google search of the telephone number in the above call reveals multiple reports of it being a scam and related to medical compensation claims. https://lookup.robokiller.com/p/877-215-8448.

40. **Call 6.** On or about February 1, 2023, at 11:00 AM Chicago time, Plaintiff received a telephone call from Defendants, from 877-217-9819, to his telephone number ending in 1582.

41. A google search of the telephone number in the above call reveals multiple reports of it being a scam and related to medical compensation claims. https://lookup.robokiller.com/p/877-217-9819.

42. When Plaintiff picked up the phone, he was connected to a "Jacquelyn Scott" with the "Claims Verification Department," concerning Camp Lejeune claims.

43. **Call 7.** On or about February 2, 2023, at 5:22 PM Chicago time, Plaintiff received a telephone call from Defendants, to his telephone number ending in 6308.

44. During the telephone call, Plaintiff spoke with a "Jacquelyn Scott" who stated she was with the Camp Lejeune claims department. Ultimately, Defendants texted Plaintiff from telephone number 307-543-7373 to his telephone number ending in 1582, with a link to the website https://campaign.legalhelpadvisor.com/camplejeune/, at 5:03 pm on February 2, 2023.

45. During the telephone call, Plaintiff was also texted the same link, to his telephone number ending in 6308, at 5:16 PM on February 2, 2023.

46. **Call 8**. Plaintiff received a text from Defendant from telephone number 307-543-7373 on or about February 2, 2023, at 5:03 PM, to his telephone number ending in 1582, and the text was

received prior to Plaintiff providing consent to be texted. During the telephone call, Plaintiff was asked if he could be texted, but the texts arrived before any such consent was obtained.

47. "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of § 227(b)(1)(A)(iii)". *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

48. An archived copy of the webpage above is contained at https://web.archive.org/web/20230301191500/https://campaign.legalhelpadvisor.com/camplejeune/.

49. Interestingly, the website identified above worked from on or before February 2, 2023, to on or before April 3, 2023. When Plaintiff visited the website identified above on April 3, 2023, a "Under Construction" page appears. https://web.archive.org/web/20230403225817/https://campaign.legalhelpadvisor.com/website-construction/

50. The website texted twice to Plaintiff was done as an effort by Defendants to obtain prior express written consent for future calls, notwithstanding the fact that Plaintiff has not previously consented to these calls from Defendants.

51. Plaintiff alleges that the form provided on the website does not satisfy the standards of consent for TCPA prior express written consent, and that Defendants acted outside the scope of any such consent.

52. For example, the consent did not appropriately identify the party which was being provided consent to make telemarketing calls.

53. Plaintiff did complete the purported consent form that was texted to him, on or about February 2, 2023, at around 5:30 pm.

54. Following completing the form that was sent to him, Plaintiff began receiving telephone calls from other entities.

55. Plaintiff commenced this action and through follow on investigation identified that the new Defendants in this action made telemarketing calls to Plaintiff on behalf of the entities previously sued in this action.

56. The Defendants in this action directed their activities at residents of multiple states, including Illinois. Defendants contacted Plaintiff's Illinois area code telephone number in several of the telephone calls. The fact that they called both Plaintiff's California (424) telephone number

and Illinois numbers demonstrates that they do business on a nationwide basis and have satisfied the appropriate minimum contacts.

57. Moreover, the consent forms elements does not include any field seeking the location of the individual.

58. The Defendants engaged in their mass robocalling endeavors on behalf of other individuals and entities. For example, they would call individuals and then attempt to connect them with other lead providers, vendors, and ultimately law firms to bring claims against entities such as the U.S. government for Camp Lejeune claims.

59. Individual Defendants should be held liable because to do otherwise would simply allow the individual to simply dissolve their entities and set up a new entity and repeat this conduct – making the TCPA unenforceable.

60. Defendant JRI, at all material times to the Complaint, was controlled by the individual Defendants and/or others, and the individual Defendants formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Defendants JRI, including the practices set forth in this Complaint.

61. The conduct alleged in this action was made willful and knowingly.

62. Defendants' phone call utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

63. Defendants did not have any consent to call Plaintiff.

64. Defendants are not an organization exempt from the TCPA.

65. Upon information and belief, Plaintiff received additional calls from Defendants and their affiliates not included above.

66. The impersonal and generic nature of Defendants' call shows that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the call.

67. In total, Defendants and/or their affiliates placed at least eight (8) phone calls to Plaintiff.

68. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

69. Defendants have a pattern and/or practice of failing to comply with the TCPA.

70. The foregoing acts and omissions were in violation of the TCPA.

71. Other Defendants may be named in this case following discovery, including for example any other individuals or entities who directed the unlawful conduct to be made.
72. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).
73. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).
74. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.
75. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.
76. Plaintiff is also entitled to an award of costs.
77. Defendants' call was not made for "emergency purposes."
78. Defendants' call to Plaintiff were made without any prior express written consent.
79. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry.
80. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.
81. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.
82. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.
83. Plaintiff, in discovery will identify additional telephone calls made by Defendants' and or their agents or affiliates, and requests leave to amend the complaint after identifying.
84. Defendants hired, permitted, and enjoyed the benefits of any lead generator and call centers mass robocalling.

85. For the counts identified below, Defendants are directly liable as the party that caused the unlawful calls to be placed.
86. Plaintiff requests a jury trial on all issues so triable.

## COUNT 1.

Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

87. Plaintiff incorporates the foregoing paragraphs as though they were set forth at length herein.
88. Defendants or one of their affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least eight (8) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.
89. Plaintiff was statutorily damaged at least eight (8) occasions under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone call described above, in the amount of $500.00 for each.
90. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $12,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.

Violations concerning TCPA implementing regulations, including Do Not Call Registry, 47 C.F.R. § 64.1200

91. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.
92. Plaintiff seeks recovery under this Count for Calls 1-6, made to Plaintiff's telephone number ending in 1582, because that number has been on the Do Not Call Registry for over thirty calendar days prior to getting the telephone calls.
93. By placing at least six (6) telemarketing calls to the Plaintiff, whose number is on the Do-Not-Call registry or internal do not call list, Defendants violated 47 U.S.C. § 227(c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

94. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on its behalf's violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of $500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R. § 64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).
95. The TCPA's implementing regulations require that the caller provide the called party the name of the individual caller, the name of the person or entity on whose behalf the call is made, and a telephone or address where the person may be reached. 47 C.F.R. § 64.1200(b); 47 C.F.R § 64.1200(d)(4).
96. Defendant violated this provision by failing to identify itself as the Defendants in its telephone calls. Plaintiff was unable to identify the entity making these calls but for bringing this action and engaging in additional investigation. The telephone calls asserted in this Amended Complaint included no mention of the Defendants in this case or the individual that they were making the telemarketing calls on behalf of.
97. Defendant therefore violated the TCPA's implementing regulations each time it called Plaintiff by failing to provide the required identification information, a total of six (6) times.
98. Plaintiff therefore seeks recovery for a total of twelve (12) violations of the TCPA's implementing regulations, when taking into account that multiple violations were performed during each call.
99. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(c), by making calls in violation of any of the TCPA's implementing regulations in the future.
100. The Defendant's violations were knowing and/or willful. Accordingly, the Plaintiff seeks up to treble damages of the $500 per violation award, as provided in 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(c)(5).
101. Plaintiff's telephone number ending in 1582 has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and/or severally, in an amount of $18,000.00 plus costs and any other remedy deemed appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $24,000.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;
B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);
C. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(c);
D. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C);
E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(B);
F. All reasonable attorneys' fees, witness fees, court costs, pre and post-judgment interest, and other litigation costs incurred by Plaintiff;
G. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;
H. Leave to amend this Complaint to conform to the evidence presented at trial; and
I. Any other relief this Court deems proper.

Respectfully submitted,

Dated: April 3, 2023  /s/ Jorge Alejandro Rojas
JORGE ALEJANDRO ROJAS
Rojas.jorge96@gmail.com
Plaintiff in Pro Se
557 Cambridge Way
Bolingbrook, IL 60440
(424) 219-1582

## **CERTIFICATE OF SERVICE**

Plaintiff will serve a copy of this filing on Reliance Litigation, LLC, MBW Advisors, Inc, Elisa Kim, and Sunny Hwang, who are now dismissed from this action, via electronic mail to their counsel. Plaintiff will serve a copy of this filing on the new Defendants via service of process or request to waive service of the summons.

/s/ Jorge Alejandro Rojas